F. KIESER & SON CO., INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

KASCO MILLS, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 10990, 22355. Promulgated February 12, 1929.

*John E. Hughes, Esq.,* and *Wm. Cogger, Esq.,* for the petitioners.
*Benton Baker, Esq.,* for the respondent.

362

## OPINION.

SMITH: Considering, first, the proceeding instituted by F. Kieser & Son Co., Docket No. 10990, it is to be noted that F. Kieser & Son Co., is the taxpayer in these proceedings and that the deficiency appealed from is for the calendar year 1920 only.

In the first place, the taxpayer contends that the true net income for 1920 has been overstated by the respondent by reason of his failure to allow compensation for officers in the amount of $18,000, and also in failing to allow a reasonable amount for depreciation of depreciable assets. It is contended on behalf of the petitioner that the board of directors of the corporation on January 20, 1917, passed a resolution making the salary of the president $7,500 per year, of the vice president and treasurer $7,000 per year, and of the secretary $3,500 per year, total $18,000; that on January 19, 1918, the board of directors passed a second resolution to the effect that the unpaid salaries of the officers should remain in the business for working capital and be paid at some future date. The minutes of the board of directors' meetings of the taxpayer, which were kept in a loose-leaf binder, bore much evidence of having been written at a later date than the dates borne by them. The books of account of the taxpayer show no evidence of the accrual of salaries in excess of the amounts actually paid to officers. Upon its return for 1920 the taxpayer claimed the deduction from gross income of $11,460 for officers' salaries. This is the amount allowed by the respondent in computing the net income of 1920. We are of the opinion that these salaries constitute reasonable compensation for officers' services and that no salaries in excess of this amount constituted true items of expense.

The allowance for depreciation was computed by the respondent at rates shown in the findings of fact. The taxpayer contends that depreciation was sustained at higher rates. We are convinced from

a careful examination of the evidence of record that depreciation was not sustained at greater per annum rates. The evidence shows, however, that the cost of depreciable assets at the basic date, namely, January 1, 1916, was understated by the respondent. The correct cost of depreciable assets at the basic date is shown in the findings of fact. The allowance for depreciation for 1920 should be recomputed accordingly and at the rates used by the respondent.

The taxpayer further contends that the Commissioner erred in reducing invested capital for 1920 by a tax and penalty paid for 1917 in excess of the taxpayer's true tax liability for 1917. It is, therefore, necessary to consider the tax liability for 1917 for the purpose of determining this issue.

The basis for the determination by the respondent that the taxpayer was liable for a fraud penalty in the amount of $12,149.57 is not apparent. The imposition of the penalty was not recommended by the revenue agent who examined the taxpayer's books of account. The return filed for 1917 was admittedly inaccurate. The gross income from sales was understated, as likewise were the deductions from gross income. The taxpayer's books of account were inaccurately kept. The return was filed early in the year 1918 and the taxpayer's bookkeeper, who gathered the data for the making of the return, got them from books kept at three plants located far apart from each other. We are convinced from all of the evidence in the case that the errors were unintentional and that the return filed was not false or fraudulent. The respondent therefore erred in reducing the invested capital for 1920 by the fraud penalty assessed and paid for 1917, since it was not a liability for that year.

The taxpayer also alleges that the respondent erred in computing the net income for 1917 by failing to allow the deduction from gross income of a reasonable amount for compensation of officers, by a reasonable allowance for depreciation of depreciable assets and, further, that he erred in computing tax liability by allowing an excess-profits credit at the rate of 7 per cent of the invested capital instead of 8 per cent, the amount claimed, and, further, that the tax liability should have been computed under section 210 of the Revenue Act of 1917, upon the ground that there were abnormalties in invested capital.

The evidence shows that the Commissioner allowed the deduction for the year 1917 of salaries actually paid to officers. These are the only amounts shown to have been accrued upon the taxpayer's books of account. We have commented above upon the purported minutes of the board of directors for 1917 and subsequent years. From a consideration of the entire record we are of the opinion that there was no accrual of salaries for officers for 1917 in excess of $7,740, the amount allowed by the respondent. With respect to the computation

of the allowance for depreciation, we are of the opinion that the allowance should be recomputed at the rates used by the respondent, but upon the basic figures at January 1, 1916, shown by the findings of fact.

It is contended that the excess-profits credit under section 203 of the Revenue Act of 1917 should be at the rate of 8 per cent for 1917, instead of at the rate of 7 per cent of the invested capital allowed by the respondent. The pertinent parts of sections 203 and 204 of the Revenue Act of 1917 provide as follows:

SEC. 203. That for the purposes of this title the deduction shall be as follows, except as otherwise in this title provided—

(a) In the case of a domestic corporation, the sum of (1) an amount equal to the same percentage of the invested capital for the taxable year which the average amount of the annual net income of the trade or business during the prewar period was of the invested capital for the prewar period (but not less than seven or more than nine per centum of the invested capital for the taxable year), and (2) $3,000.

\* \* \* \* \* \* \*

SEC. 204. That if a corporation or partnership was not in existence, or an individual was not engaged in the trade or business, during the whole of any one calendar year during the prewar period, the deduction shall be an amount equal to eight per centum of the invested capital for the taxable year, plus in the case of a domestic corporation $3,000, and in the case of a domestic partnership or a citizen or resident of the United States $6,000.

A trade or business carried on by a corporation, partnership, or individual, although formally organized or reorganized on or after January second, nineteen hundred and thirteen, which is substantially a continuation of a trade or business carried on prior to that date, shall, for the purposes of this title, be deemed to have been in existence prior to that date, and the net income and invested capital of its predecessor prior to that date shall be deemed to have been its net income and invested capital.

The evidence shows that the taxpayer here was incorporated in 1916 and succeeded to a business which had been carried on for several years theretofore. It follows that the provisions of the second paragraph of section 204 above apply. Since there is no evidence before us as to the annual net income of the business during the prewar period, the determination of the Commissioner in respect of the deduction at the rate of 7 per cent of the invested capital must be and is sustained.

It is further contended that the tax liability for 1917 should have been computed under section 210 of the Revenue Act of 1917, upon the ground that there was an abnormality in invested capital for that year. It is contended that a valuable good will was paid in to the business of the corporation at January 1, 1916, which is not reflected in invested capital. We have carefully considered the evidence upon

this point and are of the opinion that there was no such abnormality in invested capital as warrants the computation of the tax liability under section 210 of the Revenue Act of 1917.

The true tax liability of F. Kieser & Son Co., for 1917 should be recomputed in accordance with the foregoing and the invested capital for 1920 recomputed accordingly.

It was also alleged that the tax liability for 1918 is less than the amount determined by the respondent and that the correction of such tax liability would serve to increase the true invested capital for 1920. The record does not show, however, the basic facts for the determination of tax liability for 1918. The claim of the taxpayer with respect to this issue is, therefore, denied for lack of evidence.

With respect to the computation of the tax for 1920, it is further alleged that the respondent erred in assessing the taxpayer under section 302 of the Revenue Act of 1918, instead of under section 301 of that Act. If such error was made it should be corrected in a recomputation of the tax liability for 1920 under Rule 50 of the Board.

It is further contended that the tax liability for 1920 should be computed under section 328 of the Revenue Act of 1918 since there was an abnormality of invested capital. We are of the opinion, however, that the evidence does not prove any abnormality of invested capital. The action of the respondent in refusing to compute the tax liability under section 328 for 1920 is sustained.

The taxpayer further alleges that it is entitled to have any deficiency in tax for 1920 offset by the overpayment of taxes and penalty paid for the year 1917. This is claimed under section 281 of the Revenue Act of 1924. The applicable portion of this section provides in subdivision (a) that where there has been an overpayment of tax for a prior year:

* * * The amount of such overpayment shall be credited against any income, war-profits, or excess-profits tax or installment thereof then due from the taxpayer, and any balance of such excess shall be refunded immediately to the taxpayer.

Subdivision (b) of the same section provides.

Except as provided in subdivisions (c) and (e) of this section, (1) no such credit or refund shall be allowed or made after four years from the time the tax was paid, unless before the expiration of such four years a claim therefor is filed by the taxpayer, nor (2) shall the amount of the credit or refund exceed the portion of the tax paid during the four years immediately preceding the filing of the claim or, if no claim was filed, then during the four years immediately preceding the allowance of the credit or refund.

We can not determine from the record whether the taxpayer has protected itself with respect to the filing of a claim for refund.

Under this section the respondent is not required to credit an over-payment of tax for a given year against a deficiency for a particular year. The respondent may credit the overpayment against any tax due from the taxpayer. Upon the record the claim of the taxpayer for the credit is denied. *Shafpa Realty Corporation*, 8 B. T. A. 283.

The proceeding in Kasco Mills, Inc., Docket No. 22355, is from the determination of a liability of Kasco Mills, Inc., under section 280 of the Revenue Act of 1926 for an unpaid balance due from the transferor, F. Kieser & Son Co., for 1917 in the amount of $286.98, and for a redetermination of its liability as transferee of the assets of F. Kieser & Son Co., for 1920 in the amount of $11,299.56. For the purpose of this proceeding Kasco Mills, Inc., admits that it is the transferee of the assets of F. Kieser & Son Co., and is liable for any taxes legally due from it. It contends, however, that the tax due from the transferor has already been paid for 1917, and that the amount of the overpayment should be credited against any deficiency due from the transferee for 1920.

The record in these proceedings clearly shows that F. Kieser & Son Co., has paid all the income and profits tax legally due from it for 1917. Kasco Mills, Inc., the transferee, has therefore no liability for tax of the transferor with respect to the year 1917. Kasco Mills, Inc., is liable for any tax legally due from the transferor for 1920. It stands upon no better plane with respect to the credit of an over-payment of tax for 1917 by the transferor than does the transferor. From the record in this action we can not determine that the over-payment for 1917 is refundable. The statute of limitations may have operated to bar the credit claimed by the transferor. In any event the overpayment for 1917 may be credited under section 281 of the Revenue Act of 1924 against any tax liability due from the transferor.

The motion of counsel for the petitioners that the Board find over-payments of tax and of penalty for the year 1917 by the transferor is denied upon the ground that the Board has no jurisdiction to deter-mine either an overpayment of tax or of penalty for the year 1917, F. Kieser & Son Co., the taxpayer in this proceeding, not having appealed to the Board with respect to any deficiency determined for the year 1917.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*